UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4176

HENRY THOMAS MCARTHUR,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-96-404-AMD)

Submitted: October 30, 1998

Decided: December 29, 1998

Before ERVIN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joan Catherine Fraser, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Lisa M. Turner, Special Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Henry Thomas McArthur appeals from his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West 1994 & Supp. 1998). We affirm.

McArthur raises only two issues in this appeal. First, he asserts that the police officers lacked probable cause to stop his vehicle, rendering the resulting search unconstitutional. We disagree. According to police testimony, officers in an unmarked police car observed a slow-traveling car stop approximately thirty feet from a stop sign marking an intersection. The officers also observed that the front license plate was not securely fastened to the car as required by Maryland law, but was instead lying on the front dashboard. At this point, based upon the license plate, the officers decided to stop the car. Prior to the actual stop, however, they saw the vehicle enter a second intersection and signal a right turn. Despite this signal, the car turned left after a marked police vehicle coincidentally approached it from the cross-street. Officers in the unmarked car then activated their vehicle's signal lights, and pulled behind McArthur's car while another unmarked unit stopped in front of it.

The resulting search of the vehicle which revealed the firearm at issue is not independently challenged. Rather, McArthur contends only that the initial stop was unconstitutional, therefore rendering evidence obtained from the search inadmissible. Specifically, he asserts that the license plate was properly affixed to the car under Maryland law, which requires that the plate be securely fastened in a horizontal position, in a manner which prevents the plate from swinging, and in a place and position that allows clear visibility. After a de novo review, we agree with the district court's determination that a license plate stuck into the dashboard by the front window of a car is not "securely fastened" to the vehicle. See United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996) (providing standard of review). Accordingly, we conclude that the stop was justified and the resulting search valid under Whren v. United States, 517 U.S. 806 (1996).

McArthur next contends that the sentencing judge erred in denying his motion for recusal. McArthur's motion, made at the commence-

ment of his sentencing hearing, asserted that the judge was biased against him based on his interaction with the sole defense witness-- Antoinette Ellis, McArthur's fiancee. Specifically, the judge examined Ellis under oath following a charge that she improperly conversed with one of McArthur's jurors. Later, following closing arguments, the judge ordered Ellis' arrest for threatening the prosecuting attorney, and testified for the government at her trial.

We review the district court's denial of the motion for recusal for an abuse of discretion and find none. See United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989). Although the judge was a fact witness in the case against McArthur's fiancee, the record is devoid of any suggestion of bias against McArthur. In fact, the judge elected not to pursue contempt charges against McArthur despite a flagrant outburst following the arrest of his fiancee, and imposed the lowest possible sentence following McArthur's sentencing hearing. Thus, even if the district court did abuse its discretion, which we do not believe, we would find any error to be harmless. See, e.g., Parker v. Connors Steel Co., 855 F.2d 1510, 1525 (11th Cir. 1988) (applying harmless error analysis to claim of judicial bias).

Accordingly, we affirm McArthur's conviction and sentence. We grant McArthur's unopposed motion to submit the case on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3